## No. 198.

### The State of Louisiana vs. W. H. Bassenger.

A motion for a continuance, based on an *affidavit* which is insufficient, cannot be allowed.

A motion to·compel the State to elect between two counts, which does not set forth the grounds upon which it rests, cannot be granted. The overruling of it cannot be re- viewed on appeal, when the bill taken to the refusal of the court to order the election, does not set forth either those grounds or those on which the action of the trial judge was predicated.

APPEAL from the Criminal District Court for the Parish of Orleans. *Baker*, J.

*M. J. Cunningham*, Attorney General, for the State, Appellee.

*J. J. Foley* for Defendant and Appellant.

The opinion of the court was delivered by

Bermudez, C. J.       The defendant was prosecuted on two counts: 1st, stabbing with a dangerous weapon with intent to kill and murder; and 2d, inflicting with a dangerous weapon a wound less than mayhem.

From a conviction on the first count and a sentence of five years at hard labor, he appeals.

The record shows two grounds of complaint to the refusal of the trial judge: 1st, to continue the case; and 2d, to compel the State to elect.

The first bill of exception taken to the overruling of the motion to continue, owing to the absence of a witness, does not rest on solid foundation.

As reasons in support of his refusal the district judge says : *that* the accused knew of the fixing of his case for some time and though repre- sented by counsel he has not had him summoned; *that*, not the least diligence has been used to procure the attendance of the witness; *that*

neither the materiality of the evidence to be given, nor what the evidence is, appears in the *affidavit; that,* although the affidavit be fatally defective, still, if any statement by counsel made it probable that this witness would be procured and that his testimony was material, he would have granted the continuance.

Further examination of the bill shows that the accused does not swear that, notwithstanding due diligence, he has failed to ascertain and does not know the place of residence of the witness. He might have known it well.

Under the circumstances, there being nothing to impugn the reasons assigned by the district judge which we find sustained by the record, we cannot say that he did not rule correctly.

The second bill is to the refusal of the trial judge to require the State to elect between the two counts.

The bill does not show on what grounds the motion to elect rests, or those on which it was refused.

The bill is informal and does not furnish *data* sufficient to authorize or justify an inquiry into the correctness of the ruling on the motion.

The rule for a new trial is based on four grounds:

It refers to the two refusals just considered, to the illegal admission of certain evidence to which no bill was taken and to the averment that the evidence did not warrant the verdict, a reason with which we are not concerned.

Judgment affirmed.